## COURT OF APPEALS.

### [ No. 11. ]

DAVID S. MILLS, respondent, agt. JOHN B. THURSBY, executor, &c., appellants.

Under the Code, (1851, § 272,) a referees' report must state the facts found by them, and the conclusions of law separately; and their decision may be excepted to and reviewed in like manner as the decision of the court.

Where the general term of the court, on appeal, review the report of referees upon exceptions taken on the trial, they cannot, in the settlement of the case upon their judgment, embrace any special finding of facts.

This court cannot, in this class of cases, regard any finding of facts except such as shall be stated by the referees according to the provisions of the Code.

Where the report of the referees contains a voluminous statement of the evidence, and is not in accordance with the provisions of the Code, the general term may settle a case, abridging these statements so as to present, in a concise form, so much of the facts as are essential to an understanding of the exceptions taken on the trial.

*March Term,* 1856.

THIS was a motion made by the appellants to "amend the return in this case by substituting the case as settled by the supreme court, in pursuance of its order, as reported in 11*th Howard's Practice Reports*, (*page* 134,) for the original case, annexed to said return."

ALBERT MATHEWS, *for respondent.*
N. DANE ELLINGWOOD, *for appellants.*

By the court—DENIO, Ch. J. The new case, so far as it abridges the voluminous statement of the evidence contained in the one settled by the referees, and presents, in a concise form, so much of the facts as are essential to an understanding of the exceptions taken upon the trial, is a proceeding which we have approved. If correctly prepared with the view stated, it contains everything which either party can need for the pur-

pose of having these exceptions considered by this court. We, therefore, allow that paper to be substituted for the present case : but as there has been a misapprehension about the practice, which was very unsettled at the time these papers were prepared, and the respondent may not have attended to the correction of the case as he would have done had he supposed the practice of the opposite party would be tolerated, we think he should have an opportunity to go again before the justice by whom it was settled, with a view to its correction if it is not already accurate.    For this purpose the appellants are required to give the respondent a notice of twenty days to appear before the justice, to ask for a revisal of the case, if he desires to have it revised; on the justice certifying that he has heard the parties under that notice, or that the respondent's counsel did not appear pursuant thereto, and that the case is resettled, it may be attached to the return on file, in the place of the case settled by the referees; the exceptions to be contained in it are limited to those only appearing in the case as settled by the referees.

That part of the new case which embraces the special finding of facts by the general term must be omitted.    This court cannot, in this class of cases, regard any finding of facts except such as shall be stated by the referees according to the provisions of the Code.

The referees in this case did not state any facts as found by them.    The opinion annexed, though it refers argumentatively and in a general way to the conclusions of fact and law at which the referees arrived, is not such a paper as is contemplated by the Code.

We cannot review conclusions of fact, and there were no exceptions taken to the final decision of the referees, so as to raise a question of law for our consideration.

Neither party should have costs against the other upon this motion.